# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JENNIFER ROYLES,**<br><br>*Plaintiff*,<br><br>v.<br><br>**SJG ACQUISITION**, *et al.*,<br><br>*Defendants*. | Civ. No. 23-01384 (MAJ) |

## OPINION AND ORDER

### I.     Introduction

On July 26, 2023, Jennifer Royles filed ("Plaintiff") filed the instant diversity suit against SJG Acquisition Corporation, Aida Kogan, Vaya LLC, the Oyster Shack LLC,[1] Ebike San Juan LLC, and Lawrence Kogan Huberman ("Lawrence Kogan") alleging negligence under Articles 1536 and 1540 of the Puerto Rico Civil Code.[2] (**ECF No. 1**). After failing to file an Answer, on December 12, 2023, Plaintiff moved for default entry as to Aida Kogan, Lawrence Kogan, and Vaya LLC, which was entered that same day. (**ECF Nos. 30 and 32**). An initial scheduling conference was held thereafter on December 20, 2023, after which, a case management schedule was set. (**ECF No. 40**).

On February 26, 2024, the Successors of Aida Kogan and Lawrence Kogan (the "Successors") filed an "Omnibus Motion Notifying the Death of Co-Defendants Aida Kogan and Lawrence Kogan, to Vacate and Set Aside Default Judgment, and to Dismiss Complaint for Lack of *In Personam* Jurisdiction" (the "Motion"). (**ECF No. 53**). On

---

[1]     On January 20, 2024, Plaintiff voluntarily dismissed her claims against the Oyster Shack LLC, after which the Court entered partial judgment dismissing the claims with prejudice. (**ECF Nos. 43 and 45**).
[2]     The operative Complaint is found at **ECF No. 6**.

March 11, 2024, Plaintiff opposed the Motion (**ECF No. 57**), and on March 25, 2024, the Successors replied (**ECF No. 61**). For the reasons stated hereafter, the Successor's Motion is **GRANTED IN PART** and **DENIED IN PART**.

## II. Relevant Factual and Procedural Background

On October 4, 2023, following unsuccessful attempts to locate Aida Kogan and Lawrence Kogan, Plaintiff filed a "Motion for Service by Publication" for both individuals (**ECF No. 15**), which was subsequently granted by this Court (**ECF No. 17**). The summons by publication was issued on October 12, 2024. (**ECF No. 19**). After neither Aida Kogan nor Lawrence Kogan appeared in response to the summons, Plaintiff requested entry of default against them (**ECF No. 30**), which this Court granted (**ECF No. 31**). The Clerk's entry of default was entered on December 12, 2023. (**ECF No. 32**).

The Successors have since filed the instant Motion seeking to set aside the entry of default and for dismissal of the case entirely for lack of *in personam* jurisdiction. (**ECF No. 53**). In the Motion, the Successors inform the Court that Aida Kogan was deceased on October 4, 2003, and Lawrence Kogan was deceased on August 3, 2023, "prior to the date in which [P]laintiff attempted to serve him by publication."[3] (**ECF No. 53 at 2**). As such, they maintain the default should be set aside as to both because it is void under Fed. R. Civ. P. 55(c) and 60(b)(4) because "a deceased person may not sue, be sued, or be joined as a party to a lawsuit." (**ECF No. 53 at 2**). Moreover, the Successors request the claims be dismissed with prejudice as to both parties, because the Court cannot exercise jurisdiction over people who are deceased. (**ECF No. 53**). Finally, the Successor's request

---

3    Plaintiff does not dispute either contention.

the claims against them be dismissed, as they have not been properly served under Fed. R. Civ. P. 4(m). *Id.* at 5.

In response, Plaintiff maintains there is no good cause to set aside the entries of default against Aida Kogan and Lawrence Kogan. (**ECF No. 57**). Additionally, Plaintiff contends that she is entitled to substitute the appropriate parties under Fed. R. Civ. P. 25 and asserts that the Successors do not have standing to seek dismissal at this stage. *Id.*

**III. Applicable Law and Analysis**

**a. Aida Kogan**

With regard to Aida Kogan, while the inquiry under Fed. R. Civ. P. 55(c) is generally whether "good cause" exists to set aside the entry of default, the Court need not embark on such an analysis in the instant matter. "A default judgment entered by a court which lacks jurisdiction over the person of the defendant is void . . . ." *Precision Etchings & Findings, Inc. v. LGP Gem, Ltd.*, 953 F.2d 21, 23 (1st Cir. 1992) (internal citations omitted). "Personal jurisdiction is established either by proper service of process, or by the defendant's waiver of any defect in the service of process." *Id.* (internal citations omitted). Because Aida Kogan passed away roughly twenty years before the commencement of this action, this Court never had jurisdiction over her. (**ECF No. 53 at 3 ¶ 4**); *Bank of Nova Scotia v. Bass*, 06-cv-0117, 2017 WL 874702, at *3 (D.V.I. Mar. 3, 2017) ("It is well-settled that a purported judgment against something that does not legally exist is void.") (collecting cases). Simply put, a plaintiff cannot sue someone who is deceased. *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 951 (9th Cir. 2020). Therefore, "no claims are—or ever were—pending" against Aida Kogan. *See Bank*

*of Nova Scotia v.*, 2017 WL 874702, at *3. Accordingly, the motion to set aside the entry of default as to Aida Kogan is **GRANTED**.[4]

The Successors next argue that the claims against Aida Kogan should be dismissed with prejudice because substitution under Fed. R. Civ. P. 25 is not possible when a party has died before the commencement of an action.[5] (**ECF No. 53 at 3**). The Court agrees.

As mentioned, a deceased individual cannot be sued. *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 951 (9th Cir. 2020). Therefore, Plaintiff's request for leave to file a motion for substitution under Fed. R. Civ. P. 25 is misguided. Fed. R. Civ. P. 25(a)(1) provides that "[i]f a *party* dies and the claim is not extinguished, the court may order substitution of the property party." (emphasis added). To that end, "federal courts have consistently held that Fed. R. Civ. P. 25(a)(1) only applies to *parties*—that is, defendants that have been served with a complaint and then died after service." *Cifizzari v. Town of Milford*, 22-cv-40139, 2024 WL 869149, at *2 (D. Mass. Feb. 29, 2024) (internal citations and quotations omitted); *LN Mgmt., LLC*, 957 F.3d 943 at 954

---

[4] Moreover, as in this case, "whenever an entry of default has been entered without an accompanying default judgment . . . the standard is particularly generous in favor of the party seeking relief from the entry of default." *Rico Sun Tours, Inc. v. Vargas*, 14-cv-1583, 2014 WL 6068924, at *1 (D.P.R. Nov. 13, 2014) (citing *Phillips v. Weiner*, 103 F.R.D. 177, 179 (D. Me. 1984)); *see also Phillips*, 103 F.R.D. at 179 ("This difference is justified by the fact that mere entry of default by the clerk does not represent a final judgment."); *Leshore v. Cnty. of Worcester*, 945 F.2d 471, 472 (1st Cir. 1991) ("Furthermore, although Rule 55(c) permits the removal of both an entry of default and a default judgment, the standard for the former at issue here, is more liberal." (citing *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989))).

[5] In arguing that substitution under Fed. R. Civ. P. 25 is not possible, the Successors rely on a United States Court of Appeals for the Ninth Circuit case, *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943 (9th Cir. 2020). The Successors contend the holding in that case was that "substitution is unavailable when the defendant for whom substitution is sought was dead before the commencement of the action, which was therefore a nullity." (**ECF No. 53 at 3**). The Successors are misguided.
In addressing this issue, the Ninth Circuit stated: "Whether or not substitution ought to be allowed, notwithstanding that the party had been dead *ab initio*, is—as we have seen—a trickier question. Luckily, it is not one we have to resolve today, nor do we." *LN Mgmt., LLC*, 957 F.3d 943 at 955 (emphasis in original). What the Ninth Circuit did resolve was that "when a dead person is named as a party, the dead person's prior citizenship is irrelevant when determining whether the controversy is between citizens of different states." *Id.* at 943 (cleaned up) (internal citations omitted). However, that is not the issue before the Court.

(collecting cases holding the same, while refraining from ruling on the issue); *Lott v. Corizon*, 20-cv-1255, 2022 WL 1423606, at *4 (W.D. Mich. Mar. 31, 2022), *report and recommendation adopted*, 20-cv-1255, 2022 WL 1422331 (W.D. Mich. May 5, 2022), *motion for relief from judgment denied*, 20-cv-1255, 2022 WL 18586847 (W.D. Mich. Dec. 29, 2022); *Cacossa v. Amylin Pharms., Inc.*, 12-cv-3020, 2014 WL 2090552, at *3 (S.D. Cal. May 16, 2014).

As Aida Kogan never became a party to the instant action—nor will she ever be a proper party to this action—there is no proper vehicle for Plaintiff to *substitute* the correct party in her place. Accordingly, substitution under Fed. R. Civ. P. 25 is not possible in the instant matter. *See Talley v. City of LaGrange, Georgia*, 23-cv-0032, 2023 WL 8114369, at *4 (M.D. Ga. Nov. 22, 2023) (granting motion to dismiss but also granting the plaintiff leave to seek to amend his complaint to add the proper party); *Jacques v. Tillery*, 23-cv-0079, 2023 WL 5207668, at *3 (E.D. Cal. Aug. 14, 2023), *report and recommendation adopted*, 23-cv-0079, 2023 WL 8850122 (E.D. Cal. Dec. 21, 2023) (dismissing action against deceased with prejudice); *Givens v. California Dep't of Corr. & Rehab.*, 19-cv-0017, 2021 WL 1966086, at *3 (E.D. Cal. May 17, 2021), *report and recommendation adopted,* 19-cv-0017, 2022 WL 2954738 (E.D. Cal. July 26, 2022) (same).[6]

However, "[t]he weight of authority supports the conclusion that a complaint filed against a deceased individual is capable of amendment to cure that defendant's lack of capacity." *United States v. Est. of Schoenfeld*, 344 F. Supp. 3d 1354, 1362–64 (M.D. Fla.

---

[6] Plaintiff's request for substitution under Fed. R. Civ. P. 17 is similarly misguided. As the Successors correctly state, Fed. R. Civ. P. 17 "addresses the substitution for the previous (incorrect) plaintiff," which is not at issue in the instant matter. *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 952 n. 6 (9th Cir. 2020). Plaintiff's reliance on *Esposito v. United States*, is thus inapposite. 368 F.3d 1271, 1272 (10th Cir. 2004) ("Rule 17(a) requires the district court to provide the party bringing an action with a reasonable time after objection to substitute the real party in interest.").

2018) (collecting cases). To that end, the majority of district courts that have denied motions to substitute under Fed. R. Civ. P. 25 have thereafter granted—either upon request or sua sponte—the relevant party leave to amend to name the proper party. *See Cifizzari v. Town of Milford*, 22-cv-40139, 2024 WL 869149, at *4 (D. Mass. Feb. 29, 2024) ("While not requested by [the plaintiff], the Court gives [the plaintiff] leave to amend his complaint to remove [the deceased] as defendants and instead name and serve the [proper party]"); *Gabor v. Deshler*, 17-cv-01524, 2017 WL 4151042, at *12 (N.D. Cal. Sept. 19, 2017) (denying request to substitute but granting leave to amend to name the proper party); *McRee v. Goldman*, 11-cv-00991, 2011 WL 4831199, at *4 (N.D. Cal. Oct. 12, 2011) ("The Court therefore denies [the plaintiff's] motion to compel response or to substitute parties but grants [the plaintiff] leave to amend his complaint to name the proper defendants . . . ."); *Cardno Int'l PTY, Ltd. v. Merino*, 17-cv-23964, 2019 WL 8892626, at *2 (S.D. Fla. July 2, 2019) (vacating previous order granting motion for leave to substitute and instead granting the plaintiff an opportunity to amend its complaint to join a party who has the capacity to be sued). Consistent with this practice, the Court will grant Plaintiff leave to amend the Complaint to include the proper party.

### b. Lawrence Huberman Kogan

With regard to Lawrence Kogan, the Successors contend the default should similarly be set aside as to him because—while alive at the commencement of this action—he was deceased before service was ever effectuated upon him. (**ECF No. 53 at 9**). For this reason, they also request that all claims against him—*and the Successor's*—be dismissed with prejudice. (**ECF No. 53 at 4**). The Court will address each argument in turn.

As a reminder, Plaintiff's summons by publication as to Lawrence Kogan was issued on October 12, 2023. (**ECF No. 19**). After failing to file an Answer to the Complaint, entry of default was entered against him on December 12, 2023. (**ECF No. 32**). In the Successor's current motion, they attach the death certificate of Lawrence Kogan, who passed away on August 3, 2023. (**ECF No. 53-2**). Accordingly, Lawrence Kogan was deceased for roughly two months before service could be properly effectuated.

As mentioned, "[a] default judgment entered by a court which lacks jurisdiction over the person of the defendant is void . . . ." *Precision Etchings & Findings, Inc. v. LGP Gem, Ltd.*, 953 F.2d 21, 23 (1st Cir. 1992) (internal citations omitted). "Personal jurisdiction is established either by proper service of process, or by the defendant's waiver of any defect in the service of process." *Id.* (internal citations omitted). Because Lawrence Kogan could not have been properly served due to his passing, the entry of default is thus void against him. The motion to set aside the entry of default as to Lawrence Kogan is therefore **GRANTED**.

The Successor's request for dismissal of all claims against Lawrence Kogan is similarly granted. Like Aida Kogan, substitution under Fed. R. Civ. P. 25 is inappropriate in this case, as Lawrence Kogan never became a *party* to this action. Even though Lawrence Kogan was alive at the time the action commenced, the relevant inquiry is whether he became a *party* to the action before his death. *Lott v. Corizon*, 20-cv-1255, 2022 WL 1423606, at *4 (W.D. Mich. Mar. 31, 2022), *report and recommendation adopted*, 20-cv-1255, 2022 WL 1422331 (W.D. Mich. May 5, 2022), *motion for relief from judgment denied*, 20-cv-1255, 2022 WL 18586847 (W.D. Mich. Dec. 29, 2022) ("Because service was never accomplished on [the defendant], he never became a party to this action. As such, [the plaintiff's] motion to substitute party under Rule 25 is misplaced.")

(collecting cases); *Cifizzari v. Town of Milford*, 22-cv-40139, 2024 WL 869149, at *2 (D. Mass. Feb. 29, 2024) ("federal courts have consistently held that Rule 25(a)(1) only applies to *parties*—that is, defendants that have been served with a complaint and then died after service.") (emphasis in original) (cleaned up). Accordingly, substitution is not possible in the instant matter. However, as with Aida Kogan, Plaintiff may move to amend her Complaint to name the proper party.

   c. **The Successor's**

Finally, the Successor's briefly request that the Complaint be dismissed as to them because they were not properly served pursuant to Fed. R. Civ. P. 4(m). (**ECF No. 53 at 5**). Fed. R. Civ. P. 4(m) in pertinent part states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant *or* order that service be made within a specified time." (emphasis added). Notably, "dismissal of a claim for failure to properly serve defendant is inappropriate when there are reasonably conceivable means through which service may be obtained and jurisdiction acquired over the defendant." *Hernández Reyes v. Bio-Med. Applications of Puerto Rico, Inc.*, 22-cv-1049, 2023 WL 2652624, at *3 (D.P.R. Mar. 27, 2023) (quoting *Rivera Otero v. Amgen Mfg. Ltd.*, 317 F.R.D. 326 (D.P.R. 2016)). Moreover, the First Circuit has "a strong preference that cases be resolved on their merits." *Keane v. HSBC Bank USA for Ellington Tr., Series 2007-2*, 874 F.3d 763, 765 (1st Cir. 2017).

This case is still in the early stages, as only one status conference has taken place, and discovery was stayed until the beginning of May. Given the Court's discretion under Fed. R. Civ. P. 4(m) to either dismiss the action without prejudice or order service be made within a specified time, in the interest of judicial economy, the Court will not

dismiss the claims without prejudice at this time. Instead, the Court will order service be made within 14 days, should Plaintiff file a motion for leave to amend to add the Successor's to the instant matter.

### III. Conclusion

For the aforementioned reasons, the Successor's Motion is **GRANTED IN PART** and **DENIED IN PART**. The entries of default against Aida Kogan and Lawrence Huberman Kogan are **SET ASIDE** and the claims asserted against them are **DISMISSED WITH PREJUDICE**. The Successor's request that the claims against them be dismissed is **DENIED**. Plaintiff is granted **fourteen (14) days** to file a motion for leave to amend identifying the proper parties to this action, after which she will have **fourteen (14) days** to effectuate service.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 15th day of May, 2024.

*/S/ María Antongiorgi-Jordán*
**MARIA ANTONGIORGI-JORDÁN**
**UNITED STATES DISTRICT JUDGE**